BORRERO, PLAINTIFF AND APPELLANT, *v.* BORRERO, DEFENDANT
AND APPELLEE.

APPEAL from the District Court of Ponce in an Action for
the Division of Common Property.

No. 2857.—Decided July 12, 1923.

REVENDICATION—DOUBLE SALE—OWNERSHIP—RECORD OF TITLE.—In the year 1915
 *A* purchased from the heirs of *B* all of their rights and interests in this
 case. In 1919 the plaintiff purchased five-sixths of the same rights and
 interests from five of the six heirs of *B*. *A* recorded the property in his
 name in the registry of property by means of a dominion title proceeding
 in 1917 and the plaintiff recorded only one of his title deeds in 1919. *Held:*
 That in the case of a double sale section 1376 of the Civil Code, prescribing
 that the owner is the one who first records his title, applies.

STATEMENT OF CASE—OPINION.—The failure of the court to file a statement of
 the case and opinion in rendering judgment is not an error requiring a
 reversal.

The facts are stated in the opinion.

*Mr. C. Brunet* for the appellant.

*Mr. D. Sepúlveda* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the
court.

Juan Borrero brought an action against Germana Bo-
rrero and her husband, Balbino Torres de Rosino, to recover
an undivided five-sixths of a rural property of 32 acres,
the balance of a property of greater area recorded in the
names of certain heirs, and in the complaint the following was
substantially alleged: That by public deeds of the 3rd and
8th of July, 1919, executed before notary José Tous Soto
the plaintiff purchased the shares belonging to five of the
six heirs, the other heir who did not sell her interest being
defendant Germana or Gerónima Borrero who, together with
her husband, Balbino Torres de Rosino, is in possession
of the whole property and has refused to recognize the
plaintiff's right; that there were no debts against the estate
of Máximo Borrero; that the property was worth more
than $500; that the defendants had appropriated all of its
products; that the defendants, in combination with Rito

Maldonado y Toro, instituted dominion title proceedings without the intervention of the heirs who owned the property and concealed the fact that the property involved in the proceedings was the same property that was already recorded in the registry of property in the name of the ancestor of the said heirs.

In their answer the defendants admitted, among other things, the identity of the property, but alleged that its area was only 22 acres, especially alleging the following: That the deeds of July 3 and 8, 1919, executed before notary José Tous Soto and on which the plaintiff bases his action, were false because they were the result of a fraudulent conspiracy between the plaintiff and the parties to the deeds, all of them knowing that all of the rights and interests that appear to have been conveyed to Juan Borrero by the said deeds had been actually sold in the year 1915 to Rito Maldonado Toro by the same persons, who also knew that all of the said rights and interests had been recorded in the registry of property in the name of Rito Maldonado y Toro in the year 1915 and were afterwards conveyed to different persons until they finally came into the possession of Balbino Torres de Rosino, who alleges that he is an innocent third person.

After a trial of the case the court rendered judgment dismissing the complaint, whereupon the plaintiff took this appeal, assigning in his brief seven errors. We consider that only the fifth and sixth assignments are fundamental and these may be reduced to one, inasmuch as they refer to the probatory value of the title deeds of both parties and it being alleged that the court erred in adjusting the conflict in favor of the defendants.

From a careful examination of the evidence it is deduced that this is a case of a double sale of real property. Máximo Borrero was the owner of the property of 38 acres which was recorded in his name in the registry of property

and was afterwards reduced in area, but on this point the parties did not agree. However, for taxation purposes the property appeared in the name of Severo Borrero, one of the heirs. The taxes were not paid and the property was sold at auction and bought in by The People of Porto Rico for the payment of the delinquent taxes. Although the property was redeemed later by Severo Borrero, the right of redemption of the other heirs was assigned by them to Rito Maldonado y Toro, who had purchased the interest of Severo Borrero. These transactions took place in the year 1915. Under these circumstances Rito Maldonado y Toro instituted dominion title proceedings and recorded the property in his name in the year 1917 as having an area of 22 acres. On May 13, 1917, Rito Maldonado Toro sold the property to Ramón Velázquez y Morales, in whose name it was recorded, and Velázquez in turn sold it on March 11, 1918, to defendant Balbino Torres de Rosino who also recorded his title in the registry of property. Then the same heirs who assigned their right of redemption in the said property to Rito Maldonado y Toro also assigned all of their rights and interests in the property to the plaintiff by deeds numbers 62 and 74 executed before notary José Tous Soto on July 3 and 8, 1919, and one of these deeds was recorded in the registry of property.

The facts stated show the real situation of the present case and its decision seems easy. We have before us a case of a double sale of real property. In the year 1915 Rito Maldonado y Toro purchased from the heirs of Máximo Borrero all of their rights and interests. In 1919, or four years later, the plaintiff purchased five-sixths of the same rights and interests from five of the six heirs of Borrero. Maldonado recorded the property in his name in 1917 by means of a dominion title proceeding and Juan Borrero recorded only one of his deeds in the year 1919. The conclusion is that Rito Maldonado y Toro recorded his title

first and the law applicable to this case is section 1376 of the Civil Code and the jurisprudence laid down by this Supreme Court in *Ramos v. Orcasitas*, 14 P. R. R. 64, and *King v. Fernández et al.*, 30 P. R. R. 550.

The argument of the plaintiff is mainly an attack on the dominion title proceedings instituted by Maldonado for the purpose of recording his title in the registry of property, but the source of Maldonado's right is the private document whereby five of the six heirs of Máximo Borrero assigned their right of redemption to Maldonado. The question, therefore, is a conflict of titles and the appellant admits that "without this private document showing a double sale the defendants would have no legal ground for attacking his title." It is not denied that the appellant classified that document as fraudulent, alleging that the heirs who appeared as signing it did not know how to write and that it was sought to impress upon the said document a certain tinge of antiquity such as a tear that the defendant appeared anxious to bring to notice; but, aside from the fact that the physical evidence of the original document is not before us and that the fraudulent appearance of the document was not established in the trial court, that court adjusted the conflict of evidence on this point in favor of the defendant and there is nothing before us to indicate that the court acted otherwise than justly, without passion or prejudice, or manifest error in weighing the evidence. It is also true that in the dominion title proceedings Rito Maldonado summoned only Severo Borrero as a former owner, but the facts that the property appeared in his name for the purposes of taxation and that he afterwards redeemed it for himself seem to have induced the belief that it was sufficient compliance with the law to summon him. In any event, however, this would not affect the rights of the defendants, inasmuch as the private document by which the heirs of Máximo Borrero assigned to Maldonado their right of re-

demption divested them of all right to or interest in the property and the appellant asserts his right only as assignee of the said heirs who could convey to him no more than they had, for *nemo dat qui non habet.*

The other error assigned by the appellant is that the court did not establish its findings and conclusions. This is no ground for reversal. In various cases this court has held the contrary. See the cases of *Paganacci* v. *Lebrón,* 24 P. R. R. 743; *France & New York Medicine Co.* v. *Reily et al.,* 31 P. R. R. 617, and *Quiñones* v. *Vivoni,* 20 P. R. R. 458.

For the foregoing reasons the judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Aldrey concurred.

Mr. Justice Hutchison concurred in the judgment.